# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TROY ALTON MIDTHUS,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, BLACKHAWK COUNTY, DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | No. C05-2044-LRR<br><br>INITIAL REVIEW ORDER |

   This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on May 12, 2005. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint and an application for appointment of counsel.

   Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $6.83 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

   In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed

to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his convictions. In his complaint, the plaintiff states:

> 1.) Right to depose and face the accusers was not given. 2.) Acts of perjury were allowed in court. 3.) Illegal statements used in court, statements that were taken when authorities knew that I was not in right mind. A professional psychologist testified to this. 4.). False imprisonment by both Black Hawk County Jail and State of Iowa D.O.C. 5.) State of Iowa failed to provide a single credible witness against me.

In support of such claims, the plaintiff states:

> The right to face my accusers and depose any state witnesses was denied of me. This was done by the Black Hawk County prosecutor, who represents the State of Iowa. My lawyer and I had no idea who the witness would even be in the trial. This fact alone is enough to justify a mis-trial. Not one of the State's witnesses at any point in time identified me. This was ignored. A statement was taken from me while I was under the influence of mind-altering drugs. The authorities taking the statement knew this, but committed perjury on the stand. A professional psychologist testified to the fact that I was not in my right mind and could say anything, and should not be held accountable. These statements were, however, used as evidence in court.

From those statements, it appears the plaintiff is dissatisfied with the outcome of his state criminal cases, that is, *State v. Midthus*, FECR116748 (Black Hawk County Dist. Ct. 2005) and *State v. Midthus*, FECR118571 (Black Hawk County Dist. Ct. 2005).[1] As relief, the plaintiff asks the court to:

> Recognize that my rights as a citizen of the United States were violated. Accordingly, I believe that the sentence imposed should be dismissed, or be given the opportunity for a fair trial. Also expect compensation for all the time lost in my life. One can never get back time or take away suffering but I expect fair compensation.

The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action.[2] Thus, the plaintiff's claim under 42 U.S.C. § 1983 shall be dismissed.

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the plaintiff's claim shall be dismissed for failure to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1). Accordingly, this action shall be dismissed. 28 U.S.C. § 1915(e).[3]

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/.

[2] To the extent he seeks damages for an unlawful conviction, a 42 U.S.C. § 1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

[3] The court notes the plaintiff filed an application for post-conviction relief in the Iowa District Court In and For Black Hawk County on May 3, 2005. *See Midthus v. State of Iowa*, PCCV095550 (Black Hawk County Dist. Ct. 200_). It is still pending. *Id.*

Having concluded that it is appropriate to dismiss this action, the plaintiff's application for appointment of counsel shall be denied as moot.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The agency having custody of the plaintiff is directed to submit $6.83 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid.

4) The plaintiff's complaint is dismissed.

5) The plaintiff's application for appointment of counsel is denied as moot.

**DATED** this 26th day of July, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Iowa Medical and Classification Center, Oakdale, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Troy Alton Midthus, #1159732, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Midthus v. State of Iowa, et al.*, Case No. C05-2044-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $6.83, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

Dated: July 26, 2005

*/s/ Mary Fiehler*
_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa